IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISON)

| | |
|---|---|
| **BERNARD EARL,** *individually and on behalf of others similarly situated*<br>412 West Redwood Street, Apt. 408<br>Baltimore, MD 21201<br><br>    *Plaintiff*,<br><br>    v.<br><br>**BRINK'S INCORPORATED d.b.a. BRINK'S SECURITY**<br>555 Dividend Dr. P.O. Box 6190<br>Coppell, TX 75019-4959<br><br>*Serve:* The Corporation Trust Incorporated<br>2405 York Road, Suite 201,<br>Lutherville Timonium MD 21093-2264<br><br>    *Defendant*<br><br>**THE BRINK'S COMPANY**<br>1801 Bayberry Court, Ste. 400<br>Richmond, VA 23226<br><br>*Serve:* C T CORPORATION SYSTEM<br>4701 Cox Rd Ste 285<br>Glen Allen, VA, 23060-6808<br><br>    *Defendants.* | **Civil Action No.** _____<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR UNPAID WAGES AND JURY DEMAND**

Plaintiff, Bernard Earl, brings this Complaint individually and behalf of others similarly situated (hereinafter "Plaintiffs"), against Defendants and alleges as follows:

1

## NATURE OF THE ACTION

1. This lawsuit arises out of Defendants' failure to compensate Plaintiffs for all time worked and failure to pay Plaintiff all earned overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the Maryland Wage and Hour Law, Md. Code. Ann., Labor & Employment Article, § 3-401 *et seq.* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code. Ann., Labor & Employment Article § 3-501 *et seq.* ("MWPCL").

2. Plaintiff Bernard Earl brings this action individually and as a collective action under 29 U.S.C. §§ 207 and 216 on behalf of Defendants' similarly situated present and former employees to recover unpaid, illegally withheld overtime wages; treble or liquidated damages; interest; and attorneys' fees and litigation costs for Defendants' willful failure to pay them overtime wages for all overtime hours worked.

3. Plaintiffs also bring this action individually and as a class action pursuant to Fed. R. Civ. P. 23 for and on behalf of other similarly situated current and former employees of Defendants to recover unpaid and illegally withheld overtime compensation; interest; attorney's fees and litigation costs; and treble or liquidated damages under Md. Code Ann., Lab. & Empl. §§ 3-413, 3-415, 3-502, 3-503, 3-505 and 3-507.2.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over Count I of this complaint pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331 because this action arises under the laws of the United States.

5. This Court has supplemental jurisdiction over Counts II and III of this Complaint, which arise under the laws of Maryland, pursuant to 28 U.S.C. §1367(a), because the claims in

Counts II and III arise from a common set of operative facts with Count I. The claims in Counts II and III are so related to the claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy.

6. Venue is proper in the United States District Court for the District of Maryland pursuant to 28 U.S.C. §1391(b) because all or a substantial part of Defendants' actions and omissions giving rise to the claims in this Complaint occurred in Maryland. Defendants frequently do business in numerous locations in Maryland, including out of Defendants' office in Annapolis Junction, MD, where Plaintiff Bernard Earl was employed, and are subject to personal jurisdiction in this district.

## PLAINTIFFS

7. Plaintiff Bernard Earl is an adult resident of the State of Maryland.

8. Plaintiff Earl worked for Defendants as a Messenger/Driver based out of Defendants' Annapolis Junction, Maryland location. In the course of his work for Defendants he performed work primarily in Maryland, and sometimes in the District of Columbia.

9. Plaintiff Earl worked for Defendants from on or about February 1, 2017 to the present.

10. The Plaintiffs in the proposed class and collective action are current and former employees of Defendants' who also performed work as Messengers and/or Drivers for Defendants in the State of Maryland.

11. Plaintiffs are Defendants' "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e) and as that term is interpreted pursuant to Md. Code Ann., Labor & Employ. Art. §3-401 *et seq.* and §3-501 *et seq.*

12. Defendants are Plaintiffs' "employer" as that term is defined and/or interpreted by the FLSA, 29 U.S.C. § 203(d).

13. Defendants are Plaintiffs' "employer" as that term is defined and/or interpreted by <u>Md. Code Ann.</u>, Labor & Employ. Art. §3-401(b).

14. Defendants are Plaintiffs' "employer" as that term is defined and/or interpreted by <u>Md. Code Ann.</u>, Labor & Employ. Art. §3-501(b).

**DEFENDANTS**

15. Defendant Brink's Incorporated, d.b.a. Brink's Security Inc. is a multinational corporation with headquarters in Texas and is incorporated in Delaware, and has offices in the State of Maryland and does business in this judicial district.

16. The Brink's Company is a corporation with headquarters in Virginia and does business in this judicial district. It is the parent company for Defendant Brink's Incorporated, d.b.a. Brink's Security Inc.

17. Defendants Defendant Brink's Incorporated, d.b.a. Brink's Security Inc., and Defendant the Brink's Company may be hereafter referred to as the "Defendants" of the "Corporate Defendants."

18. The Defendants operate an armored security transportation company that transports high value items such as cash.  Defendants have offices in Maryland and or/regularly conduct business in Maryland.

19. Defendants paid Plaintiffs for work performed in Maryland.

20. At all times relevant, the Corporate Defendants had and exercised both actual and apparent authority to hire and fire Plaintiff, direct and supervise Plaintiffs' work, and bind and set wage and hour policies applicable to Plaintiffs.

21. The Corporate Defendants are an "employer" as that term is defined and/or interpreted by Section 203(d) of the FLSA.

22. The Corporate Defendants are an "employer" as that term is defined and/or interpreted by Md. Code Ann., Labor & Employ. Art., §3-401(b).

23. The Corporate Defendants are an "employer" as that term is defined and/or interpreted by Md. Code Ann., Labor & Employ. Art., §3-501(b).

**STATEMENT OF FACTS**

24. Plaintiffs and others similarly situated work as a Messengers and/or Drivers for Defendants.

25. Plaintiffs' duties as a Driver are primarily driving Defendants' armored vehicles to locations to pick up high value items such as currency and jewelry. Plaintiffs' duties as a Messenger are primarily safely transporting high value items such as currency and jewelry from their pick up location to Defendants' armored vehicles and then from the armored vehicle to the destination. Drivers drive Messengers to and from their destinations. Some Plaintiffs work solely as Drivers, some Plaintiffs work solely as Messengers, some work as combined Drivers/Messengers, which means they both drive the vehicle to the location and then exit the vehicle to pick up or deposit the high value items. Plaintiffs often rotate between these job titles for different assignments. For example, Plaintiff Earl sometimes works shifts as a Messenger and sometimes works shifts as a Messenger/Driver. The roles of Messenger and/or Driver are heavily intertwined, work closely together, and are fluid for Plaintiffs.

26. Plaintiffs and the others similarly situated typically work over 40 hours a week for Defendants.

27. Defendants had a policy that all Messengers and/or Drivers such as Plaintiffs would only be paid a limited, set number of hours of overtime pay (time and half) for the overtime

hours they worked regardless of the actual number of overtime hours the Messengers and/or Drivers worked.

28. Plaintiffs regularly worked more overtime hours a week that the number of minimum overtime rate hours Defendants paid Plaintiffs, and accordingly Plaintiffs were deprived of their overtime pay for these hours worked.

29. When Plaintiff Earl began his employment for Defendants, Defendants limited his total overtime pay per week to 5 hours at a time and half rate. Plaintiff Earl regularly worked more than 45 hours per week, and for all hours over 45 hours per week worked Defendants paid Plaintiff Earl a straight time rate. In or around 2018, Defendants changed the policy to pay Plaintiffs a maximum of ten hours of overtime hours per week at a time and a half rate. Plaintiff Earl regularly worked more than 50 hours per week, and for all hours over 50 hours per week worked Defendants paid Plaintiff Earl a straight time rate.

## CLASS ALLEGATIONS UNDER THE MWHL and the MWPCL

30. Plaintiffs bring claims individually and as a class action under Fed. R. Civ. P. 23, on behalf of themselves and the following proposed class:

All individuals employed directly by Defendants Defendant Brink's Incorporated, d.b.a. Brink's Security Inc. and Defendant the Brink's Company from July 2018 to the present ("the Proposed Class"), who worked as Messengers and/or Drivers.

31. The definition of the Proposed Class as set forth above is subject to amendment upon completion of discovery.

32. The Proposed Class is so numerous as to make joinder impractical and judicially inefficient. The exact number of affected individuals can be determined by reviewing Defendants' records. Upon information and belief, during the relevant

6

period of time the number of prospective Maryland Class Members exceeds 200. Information on the size of the class is presently in the possession of the Defendants.

33. Many of these affected workers, having similar claims to the named Plaintiffs, are former employees.

34. Plaintiffs' claims involve questions of law and fact common to the Proposed Class because the Plaintiffs and other employees who performed work as Messengers and/or Drivers were subject to Defendants' company-wide improper pay policies/practices, including failing to pay all overtime wages due. Such improper pay practices violate the MWHL and the MWPCL.

35. Common questions of law and fact exist as to all members of the Proposed Class, including the Plaintiffs, and predominate over any questions affecting solely individual members of the Proposed Class.

36. Among the questions of law and fact common to the Proposed Class are:

   a. Whether Defendants had a policy or practice of failing to pay overtime compensation to Plaintiffs and the Proposed Class for all overtime hours worked over in a workweek;

   b. Whether the above-alleged wage policies or practices violate the MWHL and the MWPCL;

   c. Whether Defendants' failure to pay the Plaintiffs and the Proposed Class at the applicable overtime wage rates was willful;

   d. Whether any defenses the Defendants' may raise are valid defenses to the wage violations alleged; and

    e.    Whether the Plaintiffs and the Proposed Class have sustained damages, and, if so, the proper measure thereof.

37.    The relief sought by the Plaintiffs is common to the entire Proposed Class:

    a.    Payment by the Defendants of actual damages cause by their failure to pay overtime wages pursuant to the MWHL and the MWPCL;

    b.    Payment by the Defendants of treble damages;

    c.    Payment by the Defendants of costs and expenses of the action, including attorneys' fees;

    d.    Payment by the Defendants of pre- and post-judgment interest on all amounts owed as allowed by law; and

    e.    Permanent enjoinment of Defendants committing further violations of the FLSA, the MWHL and the MWPCL.

38.    The Plaintiffs' claims are typical of the claims of the members of the Proposed Class because Plaintiffs and the Proposed Class were similarly subjected to company-wide, policy or practice of not being paid overtime time for all overtime hours worked in a work week.

39.    The Plaintiffs will fairly and adequately protect the interests of the Proposed Class. The Plaintiffs have no relationship with Defendants except for current and former employment relationships.  Plaintiffs will vigorously pursue the claims of the Proposed Class.

40.    The Plaintiffs have retained counsel competent and experienced in class actions and wage and hour law, and Plaintiffs' counsel has no conflict of interest with other Class members in the maintenance of this class action.

41. Plaintiffs know of no difficulty in managing the litigation that would preclude class maintenance.

42. Because questions of law and fact common to the class predominate over any question affecting only individual members of the class, class certification is appropriate under Fed. R. Civ. P. 23(b)(3).

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

43. This action is also maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216 (b) as to claims for unpaid overtime compensation, liquidated damages and/or interest, and attorneys' fees and costs under the FLSA. The collective action class includes all persons who were employed directly by Defendants Defendant Brink's Incorporated, d.b.a. Brink's Security Inc., and Defendant the Brink's Company who, within the last three-year and two-week period, performed work as Messengers and/or Drivers. In addition to Plaintiffs, numerous present and former employees are similarly situated with regard to Plaintiffs' claims for unpaid wages and damages, in that they have been denied proper overtime compensation at some point during the three-year and two-week period prior to the filing of this complaint.

44. As alleged above, the class of individuals on behalf of whom Plaintiffs bring this collective action are similarly situated because: (1) they were or are employed in the same or similar positions as Plaintiffs; (2) they had the same or similar duties as Plaintiffs; (3) they were subject to the same or similar unlawful payment practices and/or policies as Plaintiffs; and (4) they have claims based upon the same legal theories. These similarly situated employees are known to Defendants and are

readily identifiable, and may be located through Defendants' records. They may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216 (b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

45. Plaintiffs are representative of those other similarly situated employees and are acting on behalf of their interests as well as Plaintiffs' own interests in bringing this action. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiffs have retained counsel competent and experienced in complex employment class action and collective action litigation.

46. Defendants' failure to pay Plaintiffs and the similarly situated persons their lawful overtime wages was and is willful. Defendants knew or should have known that their conduct was unlawful under the FLSA and/or showed reckless disregard for the matter of whether their above-described conduct was prohibited by the FLSA.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. §§ 201 – 216 (b)

47. Plaintiffs repeat and incorporate by reference all allegations of fact set forth above.

48. Defendants violated the FLSA by knowingly failing to pay Plaintiffs and all persons similarly situated for all overtime hours worked.

49. Defendants' actions were willful as defined by the FLSA and were not performed in good faith.

50. Defendants are liable to Plaintiffs and all other similarly situated employees, under 29 U.S.C. § 216(b) of the FLSA, for their unpaid, and illegally withheld, overtime compensation, plus an additional equal amount as liquidated damages, court costs,

reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## COUNT II
## VIOLATION OF THE MARYLAND WAGE AND HOUR LAW
Md. Code Ann., Lab. & Empl. §§ 3-401 – 3-431

51. Plaintiffs repeat and incorporate by reference all allegations set forth above.

52. Defendants failed to pay Plaintiffs and all putative class members an overtime wage of at least 1.5 times their regular hourly rate for all hours worked in excess of 40 hours per week in violation of MWHL §§ 3-413, 3-415 and 3-420. The precise amount owed to the Plaintiffs and others similarly situated cannot be calculated by the Plaintiffs because they do not have access to the Defendants' time records. Once the Plaintiffs obtain the time records through discovery, they will amend the complaint.

53. Defendants knowingly, willfully, and intentionally violated Plaintiffs' rights, and the rights of those similarly situated, under the MWHL, and Defendants' unlawful failure or refusal to pay the required wages was not done in good faith within the meaning of the MWHL.

54. Defendants are liable to Plaintiffs and other members of the Rule 23 Class pursuant to MWHL, §§ 3-427 (a) and (d), for their unpaid and illegally withheld overtime compensation, treble damages, plus interest, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## COUNT III
## VIOLATION OF THE MARYLAND WAGE
## PAYMENT AND COLLECTION LAW
## Md. Code Ann., Lab. & Empl. §§ 3-501 – 3-509

55. Plaintiffs repeat and incorporate by reference all allegations of fact set forth above.

56. Defendants unlawfully, willfully, and knowingly failed or refused to pay Plaintiffs and all putative class members, all overtime wages due in violation of MWPCL §§ 3-502, 3-503 and 3-505.

57. Defendants violated MWPCL §§ 3-502, 3-503, and 3-505 by failing or refusing to compensate Plaintiffs timely and regularly for their overtime hours.

58. Defendants' unlawful failure or refusal to pay all required wages in a timely and regular manner violated the MWPCL.

59. Defendants knowingly and intentionally violated Plaintiffs' rights, and the rights of those similarly situated, under the MWPCL.

60. Defendants' unlawful failure or refusal to pay all required wages was not the result of a bona-fide dispute as defined by the MWPCL.

61. Defendants are liable to Plaintiffs and others similarly situated pursuant to Md. Code Ann., Labor & Empl. § 3-507.2, for unpaid and illegally withheld overtime wages earned, treble damages, interest, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court grant them the following relief:

a) Certify this case as a collective action under the FLSA pursuant to 29 U.S.C. § 216(b);

b)  Certify the Rule 23 Class pursuant to Fed. R. Civ. P. 23(b)(3);

c)  Enter a judgment against Defendants, jointly and severally, and in favor of each Plaintiff and all similarly situated employees, based on Defendants' violations of the FLSA, in the amount of each Plaintiff's and similarly situated employee's respective unpaid and illegally withheld minimum and overtime wages, plus liquidated damages pursuant to 29 U.S.C. § 216(b);

d)  Enter a judgment against Defendants, jointly and severally, and in favor of each Plaintiff and the Rule 23 Class, based on Defendants' violations of the MWHL and the MWPCL, in the amount of each Rule 23 Class member's unpaid and illegally withheld overtime wages, and treble damages under Md. Code Ann., Labor & Empl., §§ 3-427(a), 3-427(d), and 3-507.2;

e)  Award Plaintiffs and the Plaintiff Classes pre- and post-judgment interest on all amounts owed as allowed by law;

f)  Award Plaintiffs and the Plaintiff Classes their costs and reasonable attorneys' fees incurred in this action, as provided in 29 U.S.C. § 216(b) and Md. Code Ann., Labor & Empl. §§ 3-427(d) and 3-507.2;

g)  Permanently enjoin Defendants from committing further violations of the FLSA, the MWHL and the MWPCL; and

h)  Grant such other and further relief as may be appropriate.

Date: July 23, 2021	Respectfully submitted,

JOSEPH, GREENWALD & LAAKE, P.A.

Jay P. Holland (Bar No. 06015)
Michal Shinnar (Bar No. 19757)
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770
301.220.2200 (T)
301.220.1214 (F)
jholland@jgllaw.com
mshinnar@jgllaw.com
*Attorneys for Plaintiffs*

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues of triable fact in the foregoing complaint.

Michal Shinnar